**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
CHRISTOS BISIOTIS,

                                 Plaintiff,

       -against-

ALZAK LLC a/k/a MEDITERRANEO WHITE
PLAINS LLC, MEDITERRANEO (WP) LLC, Z
HOSPITALITY GROUP, and JOSEPH HAMBOUSSI,
*Individually*,

                                 Defendants.
-------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff CHRISTOS BISIOTIS ("Plaintiff"), by and through his attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII") and the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL"), and seeks damages to redress the injuries he has suffered as a result of being **sexually harassed, discriminated and retaliated against, and ultimately terminated by the Defendants on the basis of his sex/gender**.

2. Plaintiff experienced a sexually hostile work environment created by Defendant JOSEPH HAMBOUSSI, the Director of Operations at Corporate Defendants, from the beginning of his employment at Defendants' MEDITERRANEO restaurant, located at 189 Main Street, White Plains, New York, 10601.

3. The sexual harassment escalated from verbal sexual harassment to physical assault when Defendant JOSEPH HAMBOUSSI followed Plaintiff into a work bathroom, pushed him

4. against the wall, and implored Plaintiff to allow him to perform oral sex on him.

4. Immediately after Plaintiff's rejection of Defendant JOSEPH HAMBOUSSI's sexual proposition, Plaintiff was terminated.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

5. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

6. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under State law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York or the acts complained of occurred therein.

8. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2019; (b) receiving a Notice of Right to Sue from the EEOC on September 15, 2020; and (c) and commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit A**.

## PARTIES

9. Plaintiff is a cisgender male individual residing in the State of New York, Westchester County.

10. At all relevant times, Plaintiff worked at Defendants' MEDITERRANEO restaurant, located at 189 Main Street, White Plains, New York 10601.

11. Upon information and belief, Defendant ALZAK LLC a/k/a MEDITERRANEO WHITE PLAINS LLC ("MEDITERRANEO") was and is a foreign limited liability company authorized to conduct business in the state of New York.

12. Upon information and belief, at all relevant times, Defendant MEDITERRANEO employed at least fifteen employees.

13. Upon information and belief, Defendant MEDITERRANEO (WP) LLC ("MEDITERRANEO (WP)") was and is a foreign limited liability company authorized to conduct business in the state of New York.

14. Upon information and belief, at all relevant times, Defendant MEDITERRANEO (WP) employed at least fifteen employees.

15. Upon information and belief, Defendant Z HOSPITALITY GROUP was and is a foreign limited liability company authorized to conduct business in the state of New York.

16. Upon information and belief, at all relevant times, Defendant Z HOSPITALITY GROUP employed at least fifteen employees.

17. Upon information and belief, at all relevant times, Defendant Z HOSPITALITY GROUP owned and operated about eight restaurants in New York and Connecticut, including a restaurant located at 189 Main Street, White Plains, New York, 10601, which operated under the business entities of Defendants MEDITERRANEO and MEDITERRANEO (WP).

18. Defendants MEDITERRANEO, MEDITERRANEO (WP), and Z HOSPITALITY GROUP ("Corporate Defendants") constitute a single employer for purposes of this action. In the alternative, Corporate Defendants constitute a joint employer for purposes of this action.

19. Corporate defendants are engaged in related activities (through both a unified operation and the common control of Defendant Z HOSPITALITY GROUP) for a common business purpose, namely the operation of Defendant Z HOSPITALITY GROUP-owned and operated restaurants within New York and Connecticut.

20. Corporate Defendants are engaged in interrelated activities, i.e. all activities which are necessary to the operation and maintenance of Defendant Z HOSPITALITY GROUP-owned and operated restaurants within New York and Connecticut.

21. Corporate Defendants constitute a unified operation as they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

22. Upon information and belief, Defendants MEDITERRANEO and MEDITERRANEO (WP) operate under the complete control of Defendant Z HOSPITALITY GROUP as Defendant Z HOSPITALITY GROUP directs, governs, and/or administers the operations of Defendants MEDITERRANEO and MEDITERRANEO (WP).

23. Upon information and belief, Corporate Defendants have common ownership and common management. This is demonstrated by the fact that Ramze Zakka and Adam Zakka, the co-owners of Defendant Z HOSPITALITY GROUP are cc'ed in the "offer of employment" document that was provided to Plaintiff at the beginning of his employment at Corporate Defendants.

24. This is further demonstrated by the fact that the same "offer of employment" document that was offered to Plaintiff at the beginning of his employment at Corporate Defendants was signed by Albert DeAngelis, the Executive Chef of Defendant Z HOSPITALITY GROUP.

25. Moreover, the restaurant where Plaintiff worked appears on Defendant Z HOSPITALITY GROUP's website as a restaurant that is owned and operated by Defendant Z HOSPITALITY GROUP.

26. By way of another example of common ownership, operations, and control, Defendant Z HOSPITALITY GROUP posts open job positions for Defendants MEDITERRANEO and

MEDITERRANEO (WP) through its own LinkedIn page.

27. By way of another example of common ownership, operations, and control, Defendant Z HOSPITALITY GROUP's owner Ramze Zakka is named as the "Principal" on the liquor license of Defendants MEDITERRANEO (WP) and MEDITERRANEO.

28. By way of another example, Defendant JOSEPH HAMBOUSSI ("HAMBOUSSI"), who at all relevant times was the Director of Operations at the MEDITERRANEO restaurant where Plaintiff worked, has listed Defendant Z HOSPITALITY GROUP as his employer on his LinkedIn profile.

29. Defendant MEDITERRANEO (WP) appears on Plaintiff's paystub(s).

30. At all relevant times, Plaintiff was an employee of Corporate Defendants.

31. At all relevant times, Defendant HAMBOUSSI was an employee of Corporate Defendants, holding the position of "Director of Operations."

32. At all relevant times, Defendant HAMBOUSSI was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant HAMBOUSSI had the authority to hire, fire, affect the terms and conditions of Plaintiff's employment, or influence the decisionmaker of same.

33. At all relevant times, Corporate Defendants and Defendant HAMBOUSSI are collectively referred to herein as "Defendants."

## MATERIAL FACTS

34. On or about July 2, 2019, Plaintiff began working at Corporate Defendants as a "Chef de Cuisine" at their restaurant named Mediterraneo, located at 189 Main Street, White Plains, New York, 10601.

35. Plaintiff's expected salary for 2019 was approximately $85,000.00 as a base salary plus a $5,000.00 agreed upon raise that was supposed to be paid to Plaintiff six months into his

employment.

36. At all times, Plaintiff was an above-satisfactory employee and was qualified to perform the duties and functions of his employment.

37. From the very beginning of his employment at Corporate Defendants, Plaintiff was subjected to repeated unwanted verbal and physical sexual harassment by Defendant HAMBOUSSI.

38. On an almost daily basis, Defendant HAMBOUSSI called Plaintiff **"cutie pie"** and **"beautiful green eyes"** at work, which made Plaintiff extremely uncomfortable.

39. On one occasion, Defendant HAMBOUSSI told Plaintiff that he used to go to nude beaches and have his **penis "swinging around,"** which made Plaintiff extremely uncomfortable.

40. On another occasion, referring to a female employee of Corporate Defendants, Defendant HAMBOUSSI stated, **"Did you see that ass? … I would let her stick her finger in my ass if she wanted to."** Plaintiff was lost for words after listening to this comment, felt extremely uncomfortable, and immediately walked away from Defendant HAMBOUSSI.

41. Defendant HAMBOUSSI had also disclosed to Plaintiff that he was sexually attracted to both men and women and that he was dating both men and women.

42. However, the inappropriate comments soon escalated into physical assault.

43. On or about September 10, 2019, Defendant HAMBOUSSI followed Plaintiff into the men's bathroom, located in the basement of the restaurant. The bathroom had a single bathroom stall and two standing urinals.

44. Plaintiff entered into the bathroom stall and locked the door.

45. While Plaintiff was in the bathroom stall, Defendant HAMBOUSSI started knocking on the door and asking Plaintiff to open the door.

46. Plaintiff responded that he would not open before he was finished.

47. **When Plaintiff tried to exit the bathroom stall, Defendant HAMBOUSSI suddenly pushed the door, entered the stall and locked the door behind him.**

48. **Plaintiff protested but Defendant HAMBOUSSI proceeded to push Plaintiff against the wall and to tell him, "I want to suck your dick … please, please…"**

49. Shocked, Plaintiff rejected Defendant HAMBOUSSI's proposition and told him to get out right away.

50. However, Defendant HAMBOUSSI insisted in his proposition to give Plaintiff oral sex, stating, **"Come on man – just a little bit," while touching Plaintiff's chest.**

51. Plaintiff then pushed Defendant HAMBOUSSI back and rushed out of the bathroom.

52. Given how much Plaintiff needed his job, he did not complain to anyone at work about Defendant HAMBOUSSI's illegal conduct.

53. Plaintiff felt embarrassed, disgusted and terrified by his supervisor's unlawful harassment but remained at the job to finish his shift.

54. On or about September 12, 2019, Albert DeAngelis ("Mr. DeAngelis"), the Executive Chef at Corporate Defendants' Mediterraneo restaurant, visited the restaurant where Plaintiff was working and requested to meet with him after he finished his shift.

55. Mr. DeAngelis went on to inform Plaintiff that he was not a "good fit" for the company, that it was "not working out," and that he was being terminated.

56. Surprised, Plaintiff asked for a more detailed clarification as to why he was being terminated, but Mr. DeAngelis stated that he had nothing else to tell Plaintiff.

57. Plaintiff, still in shock and overwhelmed from Defendant HAMBOUSSI's physical sexual harassment two days prior to his termination, told Mr. DeAngelis about the incident. However, Mr. DeAngelis responded that Plaintiff's statements were scenarios of "scientific fantasy" and that he could not do anything about it.

58. On or about September 14, 2019, Plaintiff was informed by a former coworker of his that Defendant HAMBOUSSI had stated in reference to him, **"I fired [Plaintiff]. Fuck [Plaintiff]. I never liked him."**

59. Upon information and belief, Defendant HAMBOUSSI decided and/or influenced Mr. DeAngelis's decision to terminate Plaintiff in retaliation to him rejecting his sexual propositions merely two days prior.

60. As of the date of this Complaint, upon information and belief, Defendant HAMBOUSSI remains employed at Corporate Defendants.

61. Plaintiff was degraded and humiliated at the hands of Defendant HAMBOUSSI.

62. Plaintiff felt offended, disturbed, and humiliated by the illegal sexual harassment.

63. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

64. **Plaintiff was treated differently (sexually harassed) by Defendant HAMBOUSSI, solely due to his gender/sex (male)**.

65. But for the fact that Plaintiff is a male, Defendant HAMBOUSSI would not have treated him differently (sexually harassed him).

66. Defendant HAMBOUSSI's actions were unsolicited, unwelcome and offensive.

67. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

68. The above are just some of the acts of sexual harassment, discrimination, and retaliation that Plaintiff experienced while employed by Defendants.

69. Plaintiff has been unlawfully discriminated against, sexually harassed, humiliated, degraded, and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

70. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded,

victimized, embarrassed, and emotionally distressed.

71. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

72. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

73. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

74. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(Not Against Defendant HAMBOUSSI)**

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

76. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for relief based upon the unlawful employment practices of Corporate Defendants.

77. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

78. Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e et seq., by discriminating against Plaintiff because of his sex/gender (male).

**AS A SECOND CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**
**(Not Against Defendant HAMBOUSSI)**

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

80. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

81. Corporate Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Corporate Defendants.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

83. Executive Law § 296 provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

84. Defendants, who were Plaintiff's employers, supervisors, and managers, made unwanted sexual advances to Plaintiff or engaged in other unwanted verbal or physical conduct of a sexual nature.

85. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his sex/gender (male).

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

86. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

87. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

88. Defendants have engaged in an unlawful discriminatory practice in violation of the NYSHRL when they terminated Plaintiff after he made a complaint of unlawful sexual harassment.

## AS A FIFTH CAUSE OF ACTION
## AIDING AND ABETTING UNDER THE NYSHRL
## (Against Defendant HAMBOUSSI)

89. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

90. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

91. Defendant HAMBOUSSI engaged in unlawful discriminatory practices in violation of New York State Executive Law §296(6) as set forth herein.

92. Defendant HAMBOUSSI has aided, abetted, incited, compelled, and/or coerced acts forbidden under the NYSHRL §296(6).

93. Specifically, Defendant HAMBOUSSI has aided, abetted, incited, compelled, and/or coerced discrimination against Plaintiff based on Plaintiff's sex and, therefore, is

individually liable for the unlawful discrimination complained of herein.

### JURY DEMAND

94. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the NYSHRL, in that Defendants sexually harassed, discriminated, and retaliated against Plaintiff on the basis of his **sex/gender** (male);

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven, in excess of the jurisdictional limits of any other court;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
November 2, 2020

        PHILLIPS & ASSOCIATES,
        ATTORNEYS AT LAW, PLLC

By: _____
Brittany A. Stevens, Esq.
Katerina Housos, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107

bstevens@tpglaws.com
khousos@tpglaws.com